**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF FLORIDA**
**WEST PALM BEACH DIVISION**

**CASE NO.: 9:25-mc-80328-AMC**

IN RE APPLICATION OF OFER LEVIN AND GTI
GLOBAL INVESTMENTS LTD. FOR JUDICIAL
ASSISTANCE PURSUANT TO 28 U.S.C. § 1782

_____/

## APPLICANTS' RESPONSE AND LIMITED OBJECTION TO RESPONDENTS' MOTION FOR EXTENSION OF TIME [DE 8]

Applicants Ofer Levin and GTI Global Investments Ltd. ("Applicants") file this response and limited objection to Edmund Shamsi, Revivim, LLC, Lenachalah, LLC, Countryside Commons SWF, LLC, and Hagefen, LLC's (collectively, the "Shamsi Respondents") Motion for Extension of Time, and state as follows:

1. Applicants do not oppose the Shamsi Respondents' request for additional time to file papers, but as set forth below, Applicants take issue with the Shamsi Respondents' failure to comply with this Court's local rules and procedures.

2. On March 10, 2025, Applicants filed an *Ex Parte* Application for Judicial Assistance Pursuant to 28 U.S.C. Section 1782 (the "Application"). It is blackletter law in this Circuit, and particularly in this District, that *ex parte* is the proper procedure for a 28 U.S.C. §1782 application. *See In re Clerici,* 481 F. 3d 1324, 1329–1330 (11th Cir. 2007) (*ex parte* order granted one day after application was filed); *In re Travessia Securitizadora de Creditos Financeiros VIII S.A.*, 707 F. Supp. 3d 1366, 1370 (S.D. Fla. 2023) (Ruiz, J.) (granting *ex parte* 1782 application and stating "the Court finds it appropriate to grant this petition *ex parte* as that is the practice in this District.") (citing *In re Braga*, 272 F.R.D. 621, 625 (S.D. Fla. 2011) ("Rural's first argument, that the § 1782 Application and the order granting it ex parte, constituted an 'unexpected and unfair

1

surprise,' is insufficient to support vacateur here ...most § 1782 applications (at least in this district) are filed and decided ex parte.") (emphasis in original)); *In re Ex Parte Petition by AG*, No. 21-23671, 2021 WL 5231630 at *1, 2021 U.S. Dist. LEXIS 217214 at *1 (S.D. Fla. Nov. 10, 2021) (order granting *ex parte* petition for judicial assistance pursuant to § 1782); and *In re Novoship (UK) Ltd.,* No. 20-60876, 2020 WL 3286308 at *1, 2020 U.S. Dist. LEXIS 107257 at *1 (S.D. Fla. June 17, 2020) (same).

3.      On March 26, 2025, the Shamsi Respondents filed their Motion for Extension of Time, seeking seven (7) days to file a brief challenging the Applicants' proposed subpoenas and twenty (20) days to file a substantive response to the Application [DE 8] ("Motion for Extension").

4.      Applicants oppose the Motion for Extension based on the Shamsi Respondents' non-compliance with the Southern District of Florida Local Rules.  Specifically, the Shamsi Respondents failed to comply Rule 7.1(a)(2), which requires a party filing a motion – including a motion for extension of time – to "confer (orally or in writing), or make reasonable effort to confer (orally or in writing), with all parties or non-parties who may be affected by the relief requested in the motion in a good faith effort to resolve by agreement the issues to be raised in the motion." S.D. Fla. Local Rule 7.1(a)(2). Rule 7.1(a)(2) further requires that the motion contain a certificate of such a conferral or attempt to confer and requires that any such motions be accompanied by a proposed order that is then submitted to the Court as prescribed by the CM/ECF Administrative Procedures.

5.      As is plain from the absence of a certificate of conference in the Motion for Extension, and the absence of a proposed order, counsel for the Shamsi Respondents failed to comply – indeed, they did not even attempt to comply – with the Local Rule's requirements.

6.     The Shamsi Respondents' failure to comply with this Court's requirements is especially troubling here, where Mr. Shamsi is clearly aware of upcoming hearings in Israel, and the concomitant need to expedite (instead of delaying) these proceedings.  Had counsel for the Shamsi Respondents attempted to contact the undersigned before filing their Motion for Extension, the parties would have likely been able to resolve much of the relief sought therein.  For example, Applicants would have agreed to additional time for the Shamsi Respondents to file papers.  Further, the Motion for Extension seeks to have the Federal Rules of Civil Procedure apply to any subpoenas issued here (Mot. for Extension ¶ 1).  The Application, however, _already_ provides for that (*see* Proposed Order attached to Application, DE 1, Ex. B ¶ 3 ("Discovery shall be conducted in accordance with Rules 30 and 45 of the Federal Rules of Civil Procedure.")).  Moreover, to the extent the Shamsi Respondents seek the entry of a protective order to safeguard sensitive/confidential information, Applicants would likely agree to the entry of a stipulated protective order that would allow certain materials to be designated "confidential" (so long as they could be used in the Israeli proceedings for which the Application was filed in the first place and, as set forth in the Application and accompanying declaration of Israeli attorney Shai Sharvit, the Israeli proceedings already have similar safeguards in place).

7.     But the failure to adhere to the local rules of this District is grounds for denying the Motion for Extension.  *See, e.g., Burleigh House Condo., Inc. v. Rockhill Ins. Co.*, No. 21-22911-CIV, 2022 WL 17082909, at *6 (S.D. Fla. Nov. 18, 2022) (noting that "the Eleventh Circuit has affirmed that failure to comply with Local Rule conferral requirements is an independently sufficient basis to deny a motion" and denying a motion to strike for failure to comply with the conferral requirement of Local Rule 7.1) (citing *J.B. Hunt Transp., Inc. v. S & D Transp., Inc.*, 589 F. App'x 930, 933 (11th Cir. 2014)); *Gomez v. 1131 Kent, LLC*, No. 18-24133-CIV, 2019 WL

498745, at \*3 (S.D. Fla. Feb. 8, 2019) ("Because Plaintiff violated the Local Rules, the motion is procedurally defective and must therefore be DENIED."); *Anderson v. Vanguard Car Rental USA, Inc.*, No. 09-61092-CIV, 2010 WL 3276223, at \*2 (S.D. Fla. Aug. 18, 2010), *aff'd*, 427 F. App'x 861 (11th Cir. 2011) (denying motion to tax costs because there was no evidence that defendant complied with the Local Rule's conferral requirement, which the court determined was "cause for the Court to deny the motion").

8.     The Shamsi Respondents should be required to confer with the undersigned, in good faith, to attempt to narrow the issues prior to moving this Court.

Respectfully submitted,

**GUNSTER, YOAKLEY & STEWART, P.A.**
600 Brickell Ave., Suite 3500
Miami, Florida 33131
Telephone: (305) 376-6000

By:/s/ *Jorge D. Guttman*
Jorge D. Guttman, Esq.
Florida Bar No. 015319
jguttman@gunster.com
Alyssa F. Chamberlin, Esq.
Florida Bar No. 1049190
achamberlin@gunster.com
*Attorneys for Applicants*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on March 31, 2025, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send a Notice of Electronic Filing to Counsel of Record.

*/s/ Jorge D. Guttman*
Jorge D. Guttman

4